UNITED STATES of America, Plaintiff-Appellee,

v.

Thomas STRAND, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Gary WILLIAMS, Defendant-Appellant.

Nos. 77–5133, 77–5207.

United States Court of Appeals, Fifth Circuit.

Jan. 19, 1978.

Melvyn Kessler, Miami, Fla., for defendants-appellants.

Robert W. Rust, U. S. Atty., Miami, Fla., Atlee W. Wampler, III, Atty.-in-Charge, Criminal Division, OC&R Section, Washington, D. C., Alan J. Sobol, Sidney M. Glazer, Appellate Sect., Criminal Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before TUTTLE, CLARK and RONEY, Circuit Judges.

CHARLES CLARK, Circuit Judge:

Strand and Williams appeal from their conviction for conspiring to violate the federal drug laws. They contend that the charges against them should have been dismissed because of the delays in bringing them to trial. We have examined the provisions of the Speedy Trial Act of 1974 and the provisions of all relevant plans for expediting criminal trials. The delays in the proceedings against Strand and Williams violated neither the Act nor the plans. Strand and Williams also allege that the indictment was vague and insufficient. That allegation is without merit. We affirm.

Strand and Williams were among six people named in a sealed indictment that was returned on December 8, 1975, by the federal grand jury for the Eastern District of New York. Strand and Williams were named in only the first, or conspiracy, count of the three-count indictment. The indictment was unsealed in the Eastern District of New York on January 14, 1976; trial for all defendants was set for March 15. Strand was arrested in Florida on January 15; he appeared before a magistrate in the Southern District of Florida and waived a removal hearing. He was released on a personal recognizance bond. On January

28, the magistrate issued an order of removal directing Strand to appear in the district court for the Eastern District of New York when ordered to do so. Williams, also a resident of Florida, surrendered to the court for the Eastern District of New York on February 20. At that time he was arraigned and pled not guilty. He, too, was released on his personal recognizance.

In March the New York court granted Williams' motion to sever count 1 and set a new trial date in April. In April the New York court ordered all parties to respond to Williams' motion for a change of venue for count 1. The government opposed the change. On April 19 the New York court ordered the trial transferred to the Southern District of Florida. Strand was not arraigned in New York and never participated in any proceedings in that district.

When it received the transferred papers on April 27, the Southern District notified Strand that arraignment would occur within ten days. On May 7, Strand moved to continue the arraignment until his counsel returned from Europe. That motion was granted and Strand was arraigned on May 20. He pled not guilty; the court set September 7 as the trial date.

On June 21, Strand moved to dismiss the indictment because he had not been arraigned within ten days of the publication of the indictment as required by the Speedy Trial Act. See 18 U.S.C. § 3161(c). The district court properly denied that motion because the provisions of § 3161(c) did not · become effective until July 1, 1976. See 18 U.S.C. § 3163(b).

Three weeks before the trial, scheduled for September 7, Strand moved for a 21–day continuance. In a response filed on August 25, the government opposed the continuance and indicated its readiness for trial. The court granted the motion and rescheduled the trial for the two-week calendar beginning October 4. The trial was not held during that period. On November 2 the government requested a continuance because a key witness had been hospitalized. Again the court rescheduled the hearing and again it was not held as scheduled.

On January 3, 1977, Strand filed a second motion to dismiss because the delay between arraignment and trial had exceeded the 180–day maximum established by the Speedy Trial Act. See 18 U.S.C. §§ 3161(c), 3161(g). The court denied the motion.

On January 10, Strand allowed the court to adjudge him guilty on the basis of stipulated testimony to enable him to raise his speedy trial claims on appeal. On the same day Williams changed his plea to guilty. In February, Williams withdrew his guilty plea and was similarly adjudged guilty so that he might raise the same claims.

■ Strand and Williams contend that their rights under various speedy trial plans were violated because (1) more than ten days elapsed between indictment and arraignment; (2) they were not tried within 180 days of arraignment or of July 1, 1976; and (3) they were not tried within 180 days of the date of indictment. Counsel for both parties have demonstrated a lack of familiarity with the plans that govern the disposition of criminal trials. Appellants have not realized that each plan permits certain time periods to be excluded from computations; the government has failed to distinguish among the plans. One set of plans was adopted under Rule 50(b) of the Federal Rules of Criminal Procedure. Added to the Rules in 1972, Rule 50(b) required all district courts to adopt a plan "for the prompt disposition of criminal cases." See also 1972 Advisory Committee Note to Rule 50, reprinted in 8B Moore's Federal Practice ¶ 50.01[3] (2d Rev.Ed.1977). To comply with that directive, the Eastern District of New York adopted its Rule 50(b) Plan which was effective April 1, 1973; the Rule 50(b) Plan for the Southern District of Florida became effective on February 28, 1973. Congress was not satisfied with the Rule 50(b) plans, especially because of their lack of uniformity. See H.R.Rep.No. 93–1508, 93d Cong.2d Sess., reprinted in [1974] U.S.Code Cong. & Admin.News, 7401, 7406. As a result of that dissatisfaction, Congress enacted the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161–3174. The Act set uniform time limits for all phases of the criminal process

and directed all district courts to adopt Transitional Plans for gradually implementing the Act over a three-year period. The Act also directed the district courts to adopt Interim Plans for persons in custody and persons labeled as high-risk prisoners. The Interim Plans for the Eastern District of New York and for the Southern District of Florida became effective on September 29, 1975; the Transitional Plans became effective on July 1, 1976. Those plans, and the Speedy Trial Act itself guide our consideration of this appeal.

Appellants have not identified the plan that supports their contention that they should have been arraigned within ten days of the indictment being opened. The Interim Plan for the Eastern District of New York contained no limitation on the delay between indictment and arraignment. Since neither Strand nor Williams was in custody or a "high risk" prisoner, the New York Interim Plan was inapplicable. The Interim Plan for the Southern District of Florida covered more than persons in custody and "high risk" prisoners. As it applied to Strand and Williams, the plan required that defendants be arraigned within ten days of the case being transferred to the Southern District. Williams had already been arraigned at that time and Strand was arraigned within ten days of the transfer (excluding the delay caused by Strand's motion to permit his attorney to be present at the arraignment). Thus that plan was not violated. Both of the Transitional Plans adopted by the Southern District of Florida and the Eastern District of New York require that a defendant be arraigned within ten days of certain events. Since both Strand and Williams were arraigned before the plans became effective (July 1, 1976), there was no violation of either plan.

Strand and Williams also contend that there was a violation of the Rule 50(b) Plan for the Eastern District of New York which states that the government must be ready for trial within six months from the date of arrest. The Plan also allows certain periods to be excluded from the computation of the six-month time period. Since Strand was arrested on January 15, the government should have been ready on July 15. The government, however, did not announce that it was ready for trial until August 25. The Plan permits exclusion of periods of delay while proceedings concerning the defendant are pending as well as a "reasonable period of delay when the defendant is joined for trial where a codefendant as to whom the time for trial has not run." Here there were sufficient periods of delay caused by Williams' motion to transfer venue (nineteen days), the transfer of the papers to Florida (seven days), and Strand's own motion for a three-week continuance (twenty-one days), to extend the time when the government must be ready for trial beyond the August 25 date. Since Williams was not arrested until February 20, there were more than enough excusable periods to bring the government's readiness within the plan's requirements.

Appellants' final contention is that their trial was not held within the 180–day limit established by the various plans. The Rule 50(b) Plan for the Southern District of Florida was superseded by that district's Interim Plan which took effect September 29, 1975. The Interim Plan requires that trial begin within 180 days after a plea of not guilty, or within 180 days after the defendant is returned to the district. But for other factors, Strand, who pled guilty on May 20, should have been tried by September 17; Williams, who was returned to the district when the papers arrived on April 27, should have been tried by October 24. The plan, however, permits the time limits to be extended for good cause, including proceedings concerning the defendant, and the unavailability of evidence for the government. Here there were a series of motions made by Strand and the government, all of which delayed the trial beyond its originally scheduled date of September 7. The Plan also permits exclusion of the period of time when the defendant is joined with another for trial as to whom the trial period has not run. Thus there was no violation when the trial actually began on January 10.

**534**

Since both Transitional Plans became effective on July 1, 1976, when the case had been transferred to the Southern District of Florida for trial, only the Plan for the Southern District is applicable. The Transitional Plan requires that the trial begin within 180 days of July 1, 1976, for arraignments before that date. Thus, the trial of both Strand and Williams (who were arraigned before July 1) should have begun by December 28, 1976. As with all the other plans, the Transitional Plan allows the exclusion of certain periods. Here there are sufficient periods that may be excluded (Strand's motion for a three-week extension, for example) that bring the trial on January 10 well within the plan's requirements.

Appellants have also contended that the indictment was impermissibly vague and imprecise. That contention is without merit for, as this court held in *United States v. Bermudez*, 526 F.2d 89, 94 (5th Cir.), *cert. denied*, 425 U.S. 970, 96 S.Ct. 2166, 48 L.Ed.2d 793 (1975), "an indictment is sufficient if it charges the offense in the words of the statute."

AFFIRMED.