**UNITED STATES of America**

v.

**Allan J. FERRS.**

**Crim. No. 80–332–1.**

United States District Court,
E. D. Pennsylvania.

Dec. 10, 1980.

Elizabeth K. Ainslie, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

George Goldstein, Pottstown, Pa., for defendant.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

Defendant has moved to dismiss his indictment. He argues that it was returned in violation of the Speedy Trial Act of 1974, 18 U.S.C. § 3161(b) (West Supp.1979). For the reasons which follow I shall deny this motion.

Defendant was arrested by federal agents on December 10, 1979 pursuant to a criminal complaint issued upon the affidavits of township police officers. He was immediately turned over to local custody and charged with violations of the state's Controlled Substance Drug Device and Cosmetic Act, Pa.Stat.Ann. tit. 35 § 780–113(a)(16) & (30) (1974). These state charges were dismissed with prejudice on September 18, 1980 because defendant's state speedy trial rights had been violated. See Pa.R.Crim.P. 1100 (Purdon 1980). The United States Attorney's office then filed an indictment on October 7, 1980 charging defendant with violations of the federal narcotics laws; he was arrested on October 20, 1980 in connection with this indictment.

Section 3161(b) states in pertinent part that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Defendant contends that his arrest on December 10, 1979 by agents of the federal Drug Enforcement Administration constituted an "arrest" within the meaning of 18 U.S.C. § 3161(b) and that the failure of the United States Attorney to indict him within thirty days of this arrest compels dismissal of the indictment.

There is scanty case law on the meaning of "arrest" is the Speedy Trial Act. A number of circuits have discussed this issue for purposes of the sixth amendment right to a speedy trial in a subsequent federal prosecution, e. g., United States v. Romero, 585 F.2d 391, 398–99 (9th Cir. 1978), cert. denied, 440 U.S. 935, 99 S.Ct. 1278, 59 L.Ed.2d 492 (1979); United States v. Burk-halter, 583 F.2d 389, 392–93 (8th Cir. 1978); United States v. Cabral, 475 F.2d 715 (1st Cir. 1973); United States v. DeTienne, 468 F.2d 151 (7th Cir. 1972), cert. denied, 410 U.S. 911, 93 S.Ct. 974, 35 L.Ed.2d 274 (1973); see United States v. Holman, 490 F.Supp. 755, 760–62 (E.D.Pa.1980) (discussion of sixth amendment speedy trial case law). These constitutional cases are not apposite, however, United States v. Phillips, 569 F.2d 1315, 1317 (5th Cir. 1978) (per curiam); see United States v. Holman, 490 F.Supp. at 761, and I must therefore turn to cases which have construed the language of the Speedy Trial Act.

United States v. Lai Ming Tanu, 589 F.2d 82 (2d Cir. 1978) similarly involved a joint federal–state drug investigation. The defendant was arrested by state agents who were accompanied by federal agents. He was then timely indicted in state court. However, twenty–seven months later the state court dismissed the indictment with prejudice on the ground that the defendant had been denied her federal constitutional and state statutory speedy trial rights. Twenty months later, the defendant was indicted by the federal grand jury for the same drug transaction that was the subject of the state indictment. The federal indictment was thus filed almost four years after the original arrest.

The Second Circuit recognized that the federal prosecutors had sufficient evidence with which to prosecute at the time of defendant's arrest by state agents. Moreover, "[t]he [federal] prosecution in practical effect, though not technically, was the same prosecution." Id. at 88. Although the federal government did not prosecute promptly after the state indictment had been dismissed, the court held that "a defendant does not become an 'accused' for Speedy Trial Act purposes until he is under federal arrest." Id. (emphasis in original).

This holding was based on the doctrine of dual sovereignty. "This doctrine recognizes that the federal government is not bound by the actions of state authorities and that successive state and federal prosecutions are constitutionally permissible." United

*States v. Mejias,* 552 F.2d 435, 441–42 (2d Cir. 1977), *cert. denied sub nom. Padilla–Martinez v. United States,* 434 U.S. 847, 98 S.Ct. 154, 54 L.Ed.2d 115 (1978). *See, e. g., Abbate v. United States,* 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959).

If the Speedy Trial Act "clock" were to start ticking at the time of the initial state arrest, the federal government would be forced to indict within thirty days, 18 U.S.C. § 3161(b), in order to preclude the possibility of a dismissal with prejudice,[1] *id.* at § 3162(a)(1). But an immediate federal prosecution would "crowd[ ] the federal court calendar in contravention of the purpose of the [Speedy Trial Act]." *United States v. Mejias,* 552 F.2d at 442, *affirming and citing,* 417 F.Supp. 585, 591 (S.D.N.Y. 1976). Moreover, a federal indictment would precipitate other Speedy Trial Act requirements: the federal government would be compelled to arraign and try the defendant within seventy days of indictment. 18 U.S.C. § 3161(c)(1). The United States Attorney would therefore be forced to try the defendant even though he initially preferred to wait for the state to prosecute. This would of course interfere with prosecutorial discretion. Furthermore, if the defendant were convicted in the federal proceedings, further state criminal proceedings could be precluded by state double jeopardy rules. *See, e. g.,* 18 Pa.Cons.Stat. Ann. § 111 (Purdon 1973) (subsequent prosecution by state for same offense generally not permitted). Defendant consequently could only be prosecuted in federal court, even though the state prosecutor intended, and actually began, to prosecute. This would undermine the settled federal constitutional rule that separate sovereigns can prosecute separately. *Abbate, supra.* It would also exacerbate federal–state relations by compelling federal prosecutors to force state prosecutors to stop in their tracks.

Furthermore, an immediate federal prosecution would run counter to the "Petite policy," *see Petite v. United States,* 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960), which is intended to preclude unwarranted dual prosecutions in order to promote the efficient utilization of prosecutorial resources and, more importantly, to "protect[ ] the citizen from any unfairness that is associated with successive prosecutions based on the same conduct." *Rinaldi v. United States,* 434 U.S. 22, 27, 98 S.Ct. 81, 84, 54 L.Ed.2d 207 (1977).

Thus, the United States Attorney would face a dilemma: if he were to indict immediately after the state arrest, he would violate the spirit of the "Petite policy"[2] and perhaps preempt further state proceedings; if he were to wait for the state prosecution to run its course, he would risk violating the Speedy Trial Act.[3] In either case, "federal law enforcement must necessarily be hindered." *See Abbate,* 359 U.S. at 195, 79 S.Ct. at 671. State law enforcement would likewise be impeded. This would result in "a marked change in the distribution of powers to administer criminal justice," *id.,* and practically would either preclude the federal government from proceeding when the state prosecution became endangered or perhaps preclude state prosecution altogether.

I conclude then, that *Lai Ming Tanu* rests on firm jurisprudential grounds. I therefore will adopt its holding. *See United States v. Phillips,* 569 F.2d at 1317 (following the *Mejias* holding which was reaffirmed in *Lai Ming Tanu* ); *United States v. Rivera,* 465 F.Supp. 402, 414 (S.D.N.Y.), *aff'd mem.,* 614 F.2d 1292 (2d Cir. 1979) (following *Lai Ming Tanu* ).

---

1. I am assuming *arguendo* that the state prosecution would take more than 30 days to run its course. Of course, if it took less than 30 days, the federal government could file a timely indictment.

2. "The dual prosecution policy does *not* apply ... where the state proceeding did not progress to the stage at which jeopardy attached ...." *United States Attorney's Manual,* § 9–2.142 n.2 (Jan. 3, 1980) (emphasis in original). Although the policy would not be violated technically, its underlying rationale would be weakened considerably if the defendant were to face simultaneous prosecutions in federal and state courts.

3. *See* note 1 *supra.*

The present case, however, differs from *Lai Ming Tanu,* for defendant originally was arrested by federal agents, whereas Lai Ming Tanu was arrested by federal *and* state agents. This does not compel a contrary result, for the defendant was immediately taken into state custody and charged with violations of state law. His initial arrest was thus "in connection with" state, not federal charges. *See* 18 U.S.C. § 3161(b). It is therefore not material that defendant was fortuitously arrested by federal agents. Rather it is relevant that defendant was *charged* by state agents as the result of this arrest; the fact that he *could* have been charged with federal crimes is not determinative.

The Speedy Trial Act's rules did not crystallize at the time of defendants arrest. I hold, then, that the Government did not violate the Speedy Trial Act. I will deny defendant's motion to dismiss the indictment, Criminal No. 80–332–1.