**UNITED STATES of America, Appellee,**

v.

**Herman Lee STAPLES, Appellant.**

**No. 84–1874.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 1, 1984.

Decided Nov. 2, 1984.

James R. Keller, St. Louis, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., and Debra Herzog, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before HENLEY, Senior Circuit Judge, and ARNOLD and FAGG, Circuit Judges.

PER CURIAM.

Herman Lee Staples appeals the district court's denial of his motion to dismiss count II of an indictment charging him with illegal possession of a firearm in violation of 18 U.S.C. App. § 1202(a)(1).

Approximately one week after the federal indictment was returned, a state court jury acquitted Staples of the charge of carrying a concealed weapon in violation of Mo.Rev.Stat. § 571.030.1(1). The state charge arose from the same incident that supports the federal indictment. Staples filed a motion to dismiss count II of the federal indictment claiming double jeopardy and abuse of prosecutorial discretion under the *Petite* policy. After a hearing before a magistrate, the district court adopted the magistrate's recommendations and denied Staples' motion.

■ Staples then filed this interlocutory appeal. A collateral pretrial order denying an accused's motion to dismiss an indictment on double jeopardy grounds is a "final decision" within the meaning of 28 U.S.C. § 1291 and is immediately appealable. *Richardson v. United States,* — U.S. ——, 104 S.Ct. 3081, 3083–84, 82 L.Ed.2d 42 (1984); *Abney v. United States,* 431 U.S. 651, 662, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651 (1977); *United States v. Grabinski,* 674 F.2d 677, 679 (8th Cir.), *cert.*

*denied,* 459 U.S. 829, 103 S.Ct. 67, 74 L.Ed.2d 67 (1982).

■ Staples acknowledges that the United States Supreme Court and this court have held that successive prosecutions by state and federal sovereigns based on the same act do not violate the double jeopardy clause of the fifth amendment. *Abbate v. United States,* 359 U.S. 187, 194–95, 79 S.Ct. 666, 670–71, 3 L.Ed.2d 729 (1959); *United States v. Lanza,* 260 U.S. 377, 382, 43 S.Ct. 141, 142, 67 L.Ed. 314 (1922); *United States v. Bledsoe,* 728 F.2d 1094, 1098–99 (8th Cir.), *cert. denied,* — U.S. ——, 105 S.Ct. 136, 83 L.Ed.2d 76 (1984). However, he asks this court to reconsider the issue in light of the circumstances of this case.

Staples claims that because a jury acquitted him on the state charge and the state proceedings adequately protected the federal government's interest, a subsequent prosecution violates the fifth amendment. In *Pope v. Thone,* 671 F.2d 298 (8th Cir.), *cert. denied,* 457 U.S. 1140, 102 S.Ct. 2974, 73 L.Ed.2d 1360 (1982), we rejected a similar argument by an accused who claimed a second sovereign should not be allowed to prosecute him after a previous prosecution for the same act by a different sovereign, unless a compelling governmental interest would be vindicated. *Id.* at 299–300. We again refuse to require a sovereign to show a "compelling state interest" before instituting a successive prosecution.

■ Staples also claims the government abused its prosecutorial discretion by violating an internal policy against multiple prosecutions for the same act. That policy has come to be known as the *Petite* policy after it was first mentioned by the Supreme Court in *Petite v. United States,* 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960). In *Rinaldi v. United States,* 434 U.S. 22, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977), the Supreme Court held that "[t]he overriding purpose of the *Petite* policy is to protect the individual from any unfairness associated with needless multiple prosecutions."

*Id.* at 31, 98 S.Ct. at 86. The Court stated that the accused "should receive the benefit of the policy whenever its application is urged by the Government." *Id.* It also noted, however, that the policy is not constitutionally mandated. *Id.* at 29, 98 S.Ct. at 85; *see also Delay v. United States,* 602 F.2d 173, 177 (8th Cir.1979), *cert. denied,* 444 U.S. 1012, 100 S.Ct. 660, 62 L.Ed.2d 641 (1980).

Although appealability of the *Petite* issue at the interlocutory stage is in doubt, *see United States v. Garner,* 632 F.2d 758, 761 (9th Cir.1980), *cert. denied,* 450 U.S. 923, 101 S.Ct. 1373, 67 L.Ed.2d 351 (1981); *United States v. Valenzuela,* 584 F.2d 374, 377–78 (10th Cir.1978), we have no hesitancy in concluding that Staples' argument that the federal government has violated the *Petite* policy is lacking in merit. This circuit has consistently held that the *Petite* policy confers no substantive rights on the accused. The enforcement of the policy lies with the Attorney General, "and an individual defendant cannot avoid prosecution on the basis of this policy." *United States v. King,* 590 F.2d 253, 256 (8th Cir. 1978), *cert. denied,* 440 U.S. 973, 99 S.Ct. 1538, 59 L.Ed.2d 790 (1979); *see also United States v. Hadley,* 671 F.2d 1112, 1116 (8th Cir.1982); *Delay v. United States, supra,* 602 F.2d at 177; *United States v. Wedelstedt,* 589 F.2d 339, 343 (8th Cir. 1978), *cert. denied,* 442 U.S. 916, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979). We have no inclination to deviate from this view.

We affirm the district court.