UNITED STATES of America, Appellee,

v.

James Daryl BEEDE, Appellant.

No. 91–3208.

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1992.

Decided Aug. 21, 1992.

HANSEN, Circuit Judge.

James Daryl Beede (Beede) appeals from his convictions and sentences on four counts of offenses relating to marijuana and a firearm. We affirm.

I.

In mid-July of 1990, Patrick Hourihan (Hourihan), a Special Agent with the federal Bureau of Alcohol, Tobacco, and Firearms (BATF), conducted an investigation into Beede's criminal activities. On July 17, 1990, Hourihan and a confidential informant met with Beede. During the conversation Hourihan asked Beede if Beede was interested in purchasing marijuana. Beede expressed interest but was concerned about the price quoted by Hourihan. Hourihan contacted Beede by telephone on two occasions later that day to discuss quantity and price, but they reached no firm agreement. On July 18th, Hourihan and Beede spoke several times by telephone, eventually agreeing that Beede would buy five pounds of marijuana and agreeing upon a price. They arranged a meeting for that night. At some point Hourihan requested the assistance of the Hennepin–Anoka (Minnesota) Suburban Drug Task Force, which consists of various local police departments. Hourihan and Michael Kaulfuss, a detective for the City of Brooklyn Center, Minnesota, met with Beede, Cynthia Jeffrey, Tammy Hagen, and Betty Foss. Several local police officers and another BATF Special Agent, Donald Roggenbauer, who is the federal liaison agent with the Task Force, provided surveillance assistance. Following the transaction Beede was arrested by Special Agent Roggenbauer. A firearm was recovered from Beede during the arrest. Beede was placed into the state authorities' custody immediately following his arrest. Jeffrey, Hagen, and Foss were also arrested. Subsequently, the case was referred to both the federal and state prosecutors by the arresting officers.

Virginia G. Villa, Minneapolis, Minn., argued (Scott F. Tilsen, on the brief), for appellant.

Richard G. Morgan, Asst. U.S. Atty., Minneapolis, Minn., argued, for appellee.

Before HANSEN, Circuit Judge, HEANEY, Senior Circuit Judge, and ROSENBAUM,* District Judge.

---

* The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

On July 20, 1990, a federal criminal complaint was filed. The federal complaint charged Beede with carrying a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). A federal detainer was lodged with the state authorities. Also on July 20th, a criminal complaint was filed in the Hennepin County District Court. That complaint charged Beede with conspiracy to possess marijuana, in violation of state law. A federal arrest warrant was served on Beede on July 23, 1990. On August 21, 1990, the federal complaint was dismissed upon motion of the United States, and the state charges were amended to include a state law violation of carrying a firearm during the commission of a drug offense.

Beede's state trial was continued on at least two occasions by agreement between the state prosecutor and Beede's counsel on the basis that a federal indictment was forthcoming. On January 9, 1991, a federal indictment was filed against Beede and Cynthia Jeffrey and the state charges against Beede were dismissed.[1] The federal indictment charged Beede with one count of conspiracy to possess marijuana with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count I); one count of use of a communication facility to facilitate a drug offense, in violation of 21 U.S.C. § 843(b) (Count II); one count of carrying a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count V); and one count of aiding and abetting the possession of marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count VII).[2] The jury convicted Beede on all four counts. Beede was sentenced to ten months on each of Counts I, II, and VII, to be served concurrently, and a consecutive sixty-month sentence on Count V.

## II.

■ Beede first argues, with respect to Count V, that the government's failure to file an indictment within thirty days of his initial arrest violated his rights under the Speedy Trial Act.

Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

18 U.S.C. § 3161(b).

Beede contends that the thirty-day period should begin on July 18, 1990, the date he was arrested by Special Agent Roggenbauer, rather than on July 23, 1990, the date he was served with the federal arrest warrant. Section 3161(b) requires that the arrest which begins the thirty-day period be "in connection with" the charges on which the indictment or information is filed. Only a federal arrest, not a state arrest, triggers § 3161(b). *United States v. Carlson,* 697 F.2d 231, 235 (8th Cir.1983). The district court specifically found that "[d]efendant[ ] [was] arrested [on] state charges on July 18, 1990, and held in state custody."[3] That finding is not clearly erroneous.

■ Section 3161(b) does not prevent a federal indictment more than thirty days after an arrest by state authorities on similar state charges. *United States v. Ray,* 768 F.2d 991, 997 (8th Cir.1985); *United States v. Robertson,* 810 F.2d 254, 256 (D.C.Cir.1987). "[I]t is settled law that an arrest on one charge does not trigger the right to a speedy trial on another charge filed after the arrest." *United States v. Savage,* 863 F.2d 595, 597 (8th Cir.1988), *cert. denied,* 490 U.S. 1082, 109 S.Ct. 2105, 104 L.Ed.2d 666 (1989). It is an "undisputed rule that a *state* arrest does not trigger

---

**1.** Nothing in the record before us indicates whether the state charges against Jeffrey were dismissed. Tammy Hagen and Betty Foss had previously pled guilty to state charges.

**2.** Jeffrey was also charged in the conspiracy (Count I) and charged with other related offenses in Counts III, IV, and VI. Jeffrey and Beede were jointly tried. The record before us

does not indicate the disposition of the charges against Jeffrey.

**3.** *See* report and recommendation of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota, at 1–2, as adopted by the Honorable Donald D. Alsop, Chief United States District Judge for the District of Minnesota.

the Speedy Trial Act's clock, even if the arrest is for conduct that is the basis of a subsequent indictment for a federal offense." *United States v. Mills*, 964 F.2d 1186, 1189–90 (D.C.Cir.1992) (en banc). An arrest on state criminal charges is not turned into a federal arrest merely because the arrest is a product of a joint state-federal investigation or because federal officers participate in the arrest. *See e.g., Mills*, 964 F.2d at 1192 (It is a "well-established principle that a state arrest does not start the clock no matter how extensive the federal involvement in the original arrest."); *United States v. Charles*, 883 F.2d 355, 356 (5th Cir.1989), *cert. denied*, 493 U.S. 1033, 110 S.Ct. 750, 107 L.Ed.2d 767 (1990); *United States v. Iaquinta*, 674 F.2d 260, 264–69 (4th Cir.1982); *United States v. Mejias*, 552 F.2d 435, 440–42 (2d Cir.), *cert. denied*, 434 U.S. 847, 98 S.Ct. 154, 54 L.Ed.2d 115 (1977). Further, courts have held that the thirty-day period does not begin to run when a defendant is arrested by federal agents, but is immediately turned over to state authorities and charged with state law violations. *United States v. Amuny*, 767 F.2d 1113, 1120–21 (5th Cir.1985); *United States v. Ferrs*, 503 F.Supp. 187 (E.D.Pa.1980), *aff'd without opinion*, 676 F.2d 688 (3d Cir.1982).

We similarly hold that an arrest by a federal officer who immediately relinquishes control of the arrestee to state officials for state prosecution does not trigger the thirty-day period of § 3161(b).

Beede was not formally arrested on the federal charges, the arrest "in connection with" the charges for which he was federally indicted and subsequently convicted, until July 23, 1990. The dismissal of the complaint on August 21, 1990, was less than thirty days from Beede's federal arrest. We find that Beede's speedy trial rights under § 3161(b) were not violated.

### III.

Beede's second argument is that his prosecution on the federal charges after he refused to plead guilty to the state charges violates due process and constitutes prosecutorial vindictiveness. A defendant may demonstrate prosecutorial vindictiveness in two ways.

■ First, a defendant may prove through objective evidence that the prosecutor's decision was intended to punish him or her for the exercise of a legal right. *See United States v. Goodwin*, 457 U.S. 368, 384 n. 19, 102 S.Ct. 2485, 2494 n. 19, 73 L.Ed.2d 74 (1982). Beede has not produced or alleged any objective evidence of vindictiveness.

■ Second, a defendant may in certain circumstances rely on a presumption of vindictiveness. In *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), the Supreme Court held that due process is not violated by a prosecutor carrying out a threat to reindict on a more serious charge if the defendant does not plead guilty to the original charge, as long as there is probable cause to prosecute on the more serious charge. In *Goodwin*, the Supreme Court expanded upon *Bordenkircher* and held that no presumption of vindictiveness arises when a defendant refuses to plead to a misdemeanor and requests a jury trial and a new prosecutor reindicts on a felony. *Goodwin*, 457 U.S. at 381–84, 102 S.Ct. at 2492–94. The *Goodwin* court characterized *Bordenkircher* as making clear that "the mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent changes in the charging decision are unjustified." *Goodwin*, 457 U.S. at 382–83, 102 S.Ct. at 2493.

■ We find that this case is governed by the logic of *Goodwin*.

An initial indictment—from which the prosecutor embarks on a course of plea negotiation—does not necessarily define the extent of the legitimate interest in prosecution. For just as a prosecutor may forgo legitimate charges already brought in an effort to save the time and expense of trial, a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded.

*Goodwin,* 457 U.S. at 380, 102 S.Ct. at 2492 (footnote omitted). In refusing to create an inflexible presumption with respect to pretrial charging decisions, *Goodwin* also notes that when the initial charging decision is made, "the prosecutor's assessment of the proper extent of prosecution may not have crystallized." *Goodwin,* 457 U.S. at 381, 102 S.Ct. at 2493.

"A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution." *Goodwin,* 457 U.S. at 382, 102 S.Ct. at 2493. Additionally, "[a]n initial decision should not freeze future conduct." *Goodwin,* 457 U.S. at 382, 102 S.Ct. at 2493. The initial decision to proceed with the state charges against Beede "should not freeze" the later decision by the federal prosecutor that Beede should be prosecuted in federal court. Both the state and federal prosecutors must remain free to exercise their prosecutorial discretion with respect to the charging decision. "The fact that the federal government prosecutes a federal crime in a federal court that could or has been prosecuted as a state crime in state court does not itself violate due process." *United States v. Turpin,* 920 F.2d 1377, 1388 (8th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1428, 113 L.Ed.2d 480 (1991).

The government asserts that objective events demonstrate that the federal indictment did not result from prosecutorial vindictiveness. *Cf. United States v. Punelli,* 892 F.2d 1364, 1371 (8th Cir.1990). The reason given in moving for the dismissal of the original federal complaint was that the "[i]nvestigation continues." *See* order of August 21, 1990. The BATF issued a report in October of 1990 and conducted further investigation thereafter. Both the state prosecutor and Beede's attorney agreed to delay defendant's state trial because they believed it to be a waste of resources to go to trial if the federal government was to indict. Further, there is no evidence of consultation between the state and federal prosecutors, although there is evidence that the federal prosecutor was aware of the pending state charges

and that the state prosecutor was aware of the potential for a federal indictment. Finally, we have previously held that the fact that a defendant is subject to a harsher sentence in federal court than he would have been subject to if prosecuted in state court does not implicate the due process clause. *Turpin,* 920 F.2d at 1388.

Courts have permitted a subsequent federal prosecution after a conviction for the same conduct in state court, *United States v. Simpkins,* 953 F.2d 443, 444–45 (8th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 1988, 118 L.Ed.2d 585 (1992); after an acquittal for the same conduct in state court, *United States v. Staples,* 747 F.2d 489, 490–91 (8th Cir.1984); after a defendant successfully obtains the suppression of evidence in the state court and the consequent dismissal of the state charges for lack of evidence, *Amuny,* 767 F.2d at 1116, 1119; *United States v. Renfro,* 620 F.2d 569, 573–74 (6th Cir.), *cert. denied,* 449 U.S. 902, 101 S.Ct. 274, 66 L.Ed.2d 133 (1980); after the state court prosecution is dismissed for failure to provide a speedy trial, *United States v. Nelligan,* 573 F.2d 251, 254–55 (5th Cir.1978); or after a successful challenge to the jurisdiction of the state court. *United States v. Bartlett,* 856 F.2d 1071, 1074–75 (8th Cir.1988). If prosecution in both the state and federal systems is permissible in those circumstances, a deferral of prosecution to the federal system after a state court defendant elects to proceed to trial should also be permissible.

No presumption of vindictiveness arises from the circumstances of this case. Accordingly, we find no violation of Beede's due process rights.

### IV.

█ Beede's final argument, based on *United States v. Williams,* 746 F.Supp. 1076 (D.Utah 1990), is that he should have been sentenced *non obstante* the United States Sentencing Guidelines because of the lack of written guidelines governing the referral of cases for state or federal prosecution by Task Force officers. The Court of Appeals for the Tenth Circuit has reversed the district court in *Williams, see*

*United States v. Williams*, 963 F.2d 1337 (10th Cir.1992), and the other circuit courts of appeals which have considered this issue have rejected the reasoning of the district court in *Williams*. *See United States v. Andersen*, 940 F.2d 593, 595–97 (10th Cir. 1991); *United States v. Carter*, 953 F.2d 1449, 1461–62 (5th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 2980, 119 L.Ed.2d 598 (1992); *United States v. Allen*, 954 F.2d 1160, 1165–66 (6th Cir.1992); *United States v. Parson*, 955 F.2d 858 (3rd Cir.1992); *United States v. Goodapple*, 958 F.2d 1402 (7th Cir.1992). We likewise reject Beede's argument on this point.

### V.

Accordingly, we affirm Beede's convictions.

HEANEY, Senior Circuit Judge.

I concur in the result.