124 F.3d 208
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Vicki Jo CRISCO, Appellant.
 No. 97-2158.
 United States Court of Appeals, Eighth Circuit.
 Submitted: Aug. 29, 1997.
Decided: Sept. 5, 1997.
 
 Appeal from the United States District Court for the Eastern District of Arkansas.
 Before FAGG, BOWMAN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 After Vicki Jo Crisco was arrested in Arkansas on various state drug-trafficking offenses, a federal grand jury issued an indictment charging her with possessing with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) (1994). Crisco moved to dismiss the indictment, arguing that the indictment violated the Speedy Trial Act, 18 U.S.C. §§ 3161-3174 (1994), because it was filed more than thirty days after she was arrested. After the District Court[1] denied her motion, Crisco moved for reconsideration. The Court granted her motion for reconsideration and held a hearing on the motion to dismiss the indictment, which the court then denied. Crisco subsequently entered into a written plea agreement with the government, pleading guilty to the § 841(a)(1) charge without reserving her right to appeal the denial of her motion to dismiss the indictment. Crisco appeals, and we affirm.
 
 
 2
 As Crisco did not condition her guilty plea by reserving her right to raise her speedy-trial claim on appeal, we conclude that she waived any such claim. See United States v. Cox, 985 F.2d 427, 433 (8th Cir.1993) (noting that guilty plea waives claim that Speedy Trial Act was violated); United States v. Gines, 964 F.2d 972, 977 (10th Cir.1992) (holding that even though party had moved to dismiss for Speedy Trial Act violation, subsequent guilty plea waived right to raise speedy-trial claim on appeal), cert. denied, 506 U.S. 1069 (1993).
 
 
 
 [1]
 The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas