United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-2158

_____

United States of America,                    *
                                             *
              Appellee,                       *
                                             * Appeal from the United States
        v.                                    * District Court for the
                                             * Eastern District of Arkansas.
Vicki Jo Crisco,                              *
                                             *        [UNPUBLISHED]
              Appellant.                       *

_____

Submitted: February 19, 1998
Filed: March 5, 1998

_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.


After Vicki Jo Crisco pleaded guilty to federal drug charges, she appealed the District Court's[1] denial of her motion to dismiss the indictment for a violation of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174 (1994).  We concluded that Crisco had waived her challenge because she failed to condition her plea on her ability to appeal that denial.  See United States v. Crisco, No. 97-2158, 1997 WL 545262 (8th Cir. Sept. 5, 1997) (unpublished per curiam).  Crisco then petitioned for rehearing,

_____

[1]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

explaining that, notwithstanding the language of the plea agreement, her guilty plea was conditional; the government concedes that the guilty plea was conditional. We now grant Crisco's petition for rehearing, vacate our prior opinion, and affirm the denial of her motion to dismiss.

On September 28, 1995, Crisco was arrested for delivering counterfeit methamphetamine, in violation of Ark. Code Ann. § 5-64-401 (Michie 1987), to a cooperating individual during a joint investigation involving a Federal Bureau of Investigation (FBI) agent and Pulaski County, Arkansas police officers. Upon removing Crisco from the vehicle in which she was transported to a county detention facility, the officers found actual methamphetamine. Although state charges were never filed, the federal government indicted Crisco on September 11, 1996, for possession of the actual methamphetamine. Crisco contends that, because the arrest was truly a federal arrest, the delay between the arrest and the indictment violated the Speedy Trial Act. We disagree.

At the hearing on her motion to dismiss, the FBI agent and arresting officers testified that the arrest was for a violation of § 5-64-401 and that federal charges were not contemplated until the officers later found real methamphetamine when removing Crisco from a transport vehicle. Based on this testimony, which the District Court credited, we conclude that the District Court did not clearly err in determining that Crisco was arrested on a state charge. See United States v. Beede, 974 F.2d 948, 950 (8th Cir. 1992) (standard of review), cert. denied, 506 U.S. 1067 (1993); United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993) (stating that credibility assessments are virtually unreviewable on appeal).

Because the September 28 arrest was a state arrest, we conclude that the speedy-trial clock was not triggered and that the District Court thus properly denied Crisco's motion to dismiss the federal indictment. See United States v. Carlson, 697 F.2d 231,

235 (8th Cir. 1983) (holding that only state, not federal, arrest triggers speedy-trial clock).  Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.