UNITED STATES of America, Appellee,

v.

David P. TALLEY, Appellant.

No. 93–3058.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 16, 1993.

Decided Feb. 28, 1994.

Counsel who presented argument on behalf of the appellant was Thomas M. Larson of Kansas City, MO.

Counsel who presented argument on behalf of the appellee was David DeTar Newbert, AUSA, of Kansas City, MO.

Before MAGILL and BEAM, Circuit Judges, and VAN SICKLE,* Senior District Judge.

MAGILL, Circuit Judge.

David P. Talley appeals his conviction for violation of 18 U.S.C. § 922(g) (1988) and the enhancement of his sentence pursuant to 18 U.S.C. § 924(e) (1988). Talley argues that the district court should have dismissed the § 922(g) charge against him because the federal prosecution violated the double jeopardy clause and the district court improperly applied § 924(e) to enhance his sentence. We hold that Talley's conviction under § 922(g) did not violate the double jeopardy clause, but we also hold that the district court improperly interpreted and applied § 924(e). We therefore affirm Talley's conviction, vacate Talley's sentence, and remand to the district court for resentencing.

## I.  BACKGROUND

On January 24, 1991, David Talley, Michael Henson and one other intruder forced their way into a home in Kansas City, Missouri.  Talley carried a 9mm semi-automatic pistol in his hand and ordered the occupants of the house onto their knees.  Talley ransacked the refrigerator, and threatened to kill the occupants if they did not tell him where they had hidden "the Tupperware bowl full of drugs."  After finding no drugs in the house, Talley and his accomplices stole two guns from a gun cabinet and a wallet from a house guest and then fled from the premises.

The police apprehended Talley and Henson that evening.  Talley later admitted that he had forced his way into the house in search of two-and-a-half pounds of cocaine. On August 5, 1991, the state released Talley after he posted bond.  On September 27,

1991, Missouri state authorities received anonymous tips that Talley was committing crimes to post bond for Henson.  On October 7, 1991, two individuals robbed a trailer home in Blue Springs, Missouri.  The victims identified Henson as one of the perpetrators, but could not identify the other because he wore a stocking mask.  The victims' general description of the stocking-masked man matched that of Talley.  The State of Missouri filed charges against Talley for the Blue Springs robbery and put Talley back in jail on $125,000 bond.

In March 1992, a state jury convicted Talley for armed criminal action and robbery in the first degree (March 1992 Conviction) relating to the events of January 24, 1991 (January 1991 Robbery).  In May 1992, the state court sentenced Talley to thirty-six years in prison and set Talley's appeal bond at $100,000.  Talley also was subject to a $125,000 bond for the Blue Springs robbery. State prosecutors became concerned because they planned to dismiss the Blue Springs case and with it the additional $125,000 bond against Talley.  Thus, the state would release Talley from custody if he could raise the $100,000 appeal bond.  The department of criminal records informed the state prosecutors that Talley called daily to find out if the state had dismissed the Blue Springs case.  The state prosecutors notified the United States attorney that the state would release Talley in the Western District of Missouri in the near future if he posted bond.

In July 1992, the United States attorney filed a complaint against Talley, charging him with being a felon in possession of a firearm in violation of § 922(g).[1]  Talley's possession of a 9mm semi-automatic gun during the January 1991 Robbery was the basis for this charge.  In August 1992, a federal grand jury indicted Talley, and in February 1993, a jury convicted Talley for violating § 922(g).  At sentencing, the district court determined that Talley had three applicable prior convictions that satisfied the require-

* THE HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation.

1.  Section 922(g) states, in pertinent part: "It shall be unlawful for any person—(1) who has

been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting commerce, any firearm...."  18 U.S.C. § 922(g).

ments of § 924(e). The district court relied upon the following convictions: (1) a 1978 conviction for sale of a controlled substance, (2) a 1979 conviction for first-degree robbery, and (3) the March 1992 Conviction for the January 1991 Robbery. Talley objected to the district court's use of the March 1992 Conviction as the third predicate conviction that would qualify him for sentence enhancement under § 924(e).[2] The district court denied Talley's objection and sentenced Talley to 285 months in prison. Talley appealed.

## II.  DISCUSSION

Talley challenges both his conviction and his sentence. Talley argues that the federal prosecution violated the double jeopardy clause because the State of Missouri used the federal prosecution as a tool to serve Missouri's state interests and the federal prosecution was a sham and a cover for a second state prosecution. *See Bartkus v. Illinois*, 359 U.S. 121, 123–24, 79 S.Ct. 676, 678–79, 3 L.Ed.2d 684 (1959). Further, Talley argues that the district court improperly included the March 1992 Conviction as a predicate conviction to satisfy the "three previous convictions" requirement of § 924(e).

### A.  *Bartkus* Claim

■■■ There is no double jeopardy bar against prosecution for the same offense in both federal and state courts. *See, e.g., United States v. Simpkins*, 953 F.2d 443, 444 (8th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 1988, 118 L.Ed.2d 585 (1992). Talley, however, argues that his prosecution in federal court fell within the *Bartkus* exception to the dual sovereignty rule. Talley argues that the United States attorney functioned as a "tool" of the state because state officials

used the federal indictment to keep Talley in jail pending the result of his state appeal. Talley argues that the state used the federal prosecution to advance a state interest that "the state could not obtain under its own statutes and rules." Appellant's Br. at 31. We disagree.

■■■ Talley acknowledges that state authorities could have applied to the Missouri Court of Appeals under Missouri Supreme Court Rule 33.06 to modify Talley's conditions for release.[3] Appellant's Br. at 27. Thus, an independent state procedure existed to effectuate the state's interest of ensuring that Talley remained confined during the pendency of his appeal. Therefore, state authorities were not using a federal prosecution to effectuate a state interest that they could not accomplish themselves. *Cf. United States v. Liddy*, 542 F.2d 76, 79 (D.C.Cir. 1976) ("*Bartkus*, as we view it, stands for the proposition that federal authorities are proscribed from manipulating state processes to accomplish that which they cannot constitutionally do themselves.").

Further, the federal government had an interest, independent of any state interest, to ensure that an individual who is believed to have violated a federal statute is prosecuted for that violation. In this instance, there is no indication that the prosecution was frivolous; rather, it resulted in Talley's conviction for violating § 922(g). The record demonstrates no more than cooperation between federal and state law enforcement authorities. The *Bartkus* Court explicitly approved such cooperation. 359 U.S. at 123, 79 S.Ct. at 678 (describing cooperation between state authorities and federal officials as "conventional practice ... throughout the country"); *United States v. Moore*, 822 F.2d 35, 38 (8th Cir.1987).[4] We hold, therefore, that Talley's

---

**2.** Section 924(e) acts as a sentencing enhancement provision for individuals convicted of violating § 922(g). *See United States v. Rush*, 840 F.2d 574, 578 (8th Cir.) (en banc) (holding that predecessor to § 924(e) was a sentencing-enhancement statute), *cert. denied*, 487 U.S. 1238, 108 S.Ct. 2908, 101 L.Ed.2d 940 (1988).

**3.** Missouri Supreme Court Rule 33.06 states, in pertinent part:

Upon motion by the state or by the accused, or upon the court's own motion, the court in

which the proceeding is pending may after notice to the parties and hearing, modify the requirements for release when the court finds that: (1) New, different or additional requirements for release are necessary....

Mo.S.Ct.R. 33.06.

**4.** To the extent that Talley relies on the government's failure to seek a waiver of its *Petite* policy against dual prosecution before it instituted the prosecution against Talley, *see Petite v. United States*, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490

federal prosecution for violation of § 922(g) did not violate the double jeopardy clause.

### B. Application of § 924(e)

██ Talley argues that the district court improperly interpreted § 924(e) to enhance his sentence. Talley argues that under § 924(e), a district court only may consider a defendant's convictions that occurred before the defendant violated § 922(g). The government argues that the district court properly interpreted the words *previous convictions* to mean three convictions prior to sentencing for the § 922(g) violation. Consistent with application of a sentencing-enhancement provision, the government argues that the district court properly considered all of Talley's convictions at sentencing. Finally, the government seeks to bolster its position through references to the legislative history supporting the conclusion that § 924(e) should apply to repeat offenders.

██ In determining the proper scope of a statute, we start with its plain language. *See Norfolk & W. Ry. v. American Train Dispatchers Ass'n,* 499 U.S. 117, 128, 111 S.Ct. 1156, 1163, 113 L.Ed.2d 95 (1991); *United States Marshals Serv. v. Means,* 741 F.2d 1053, 1056 (8th Cir.1984) (en banc). If unambiguous, the language of a statute "is ordinarily to be regarded as conclusive in the absence of a clearly expressed legislative intent to the contrary." *Id.* Section 924(e)(1) states:

In the case of *a person who violates section 922(g) of this title and has three previous convictions* by any court referred to

in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than 15 years.

18 U.S.C. § 924(e)(1) (emphasis added).[5] We must decide whether the district court could have included the March 1992 Conviction, which occurred after the date of Talley's § 922(g) violation, in order to qualify Talley for sentence enhancement under § 924(e).[6]

Resolution of this issue turns on the proper scope of the words *previous convictions* in § 924(e). At first blush, *previous convictions* can have any one of three plausible interpretations: (1) three convictions prior to *sentencing* for the § 922(g) violation (the government's interpretation); (2) three convictions prior to *conviction* for the § 922(g) violation; or (3) three convictions prior to the § 922(g) *violation* (Talley's interpretation). We analyze these interpretations in turn.

#### 1. Three Convictions Prior to Sentencing for § 922(g) Violation

The statutory language does not support the government's interpretation of § 924(e). Interpreting *previous convictions* to mean convictions "prior to sentencing" violates the fundamental canon of statutory construction whereby a court should "give effect, if possible, to every clause and word of a statute." *Moskal v. United States,* 498 U.S. 103, 109–10, 111 S.Ct. 461, 466, 112 L.Ed.2d 449 (1990) (internal quotation omitted); *Beef Nebraska, Inc. v. United States,* 807 F.2d 712, 717 (8th Cir.1986). If *previous convictions* meant

(1960), we reject his claim because we previously have held that the *Petite* policy "is strictly internal and confers no substantive rights on the accused." *Moore,* 822 F.2d at 38.

**5.** Section 924(e)(2) defines the terms "violent felony" and "serious drug offense." At sentencing, the parties did not dispute that the district court needed to include Talley's March 1992 Conviction in order for § 924(e) to apply. For the first time in its brief, the government argues that Talley's other convictions, not considered by the district court, could qualify Talley to reach the magic "three previous convictions" require-

ment of § 924(e). Appellee's Br. at 16 n. 8. After review of the record, we conclude that the government has failed to demonstrate plain error resulting in manifest injustice, and therefore the government has waived its right to review of this issue. *See United States v. Ragan,* 952 F.2d 1049, 1049 (8th Cir.1992) (per curiam).

**6.** The March 1992 Conviction—Talley's third predicate conviction—occurred before the district court sentenced Talley and encompassed the same transaction for which a federal jury convicted Talley pursuant to § 922(g).

those convictions a defendant had accumulated prior to sentencing, Congress could have omitted the word *previous* because, at sentencing, a district court could never consider *convictions* not yet in existence. Thus, adoption of the government's interpretation of *previous convictions* effectively would render the term *previous* superfluous. *See In re Bellanca Aircraft Corp.*, 850 F.2d 1275, 1280 (8th Cir.1988) (rejecting interpretation of statute that would render part of thát statute "mere surplusage").[7]

The government also points to general statements by legislators stating that the purpose of the statute was to incarcerate repeat offenders for longer periods of time. The legislative history, however, does not shed light on the intent of the legislature as to the temporal component of the words *previous convictions* in reference to the § 922(g) violation.[8] We hold that this is not one of those cases in which the legislative history of an unambiguous statute demonstrates a "clearly expressed legislative intent to the contrary that would warrant a different construction." *National Org. for Women v. Scheidler*, —— U.S. ——, ——, 114 S.Ct. 798, 806, 127 L.Ed.2d 99 (1994) (internal quotation omitted). Thus, we reject the government's interpretation of § 924(e) because it is inconsistent with the statutory language and the legislative history does not clearly demonstrate that we should construe § 924(e) otherwise.

**2. Three Convictions Prior to Conviction for Violation of § 922(g)**

Interpreting *previous convictions* to refer to convictions received prior to conviction for the § 922(g) violation also is inconsistent

with § 924(e)'s statutory language. This interpretation would allow the district court to consider convictions that occurred before the defendant's § 922(g) conviction, but after the date of the § 922(g) violation. In reviewing the text of a statute, it is axiomatic that we interpret the statute as a whole. *King v. St. Vincent's Hosp.*, —— U.S. ——, ——, 112 S.Ct. 570, 574, 116 L.Ed.2d 578 (1991) ("[W]e do nothing more ... than follow the cardinal rule that a statute is to be read as a whole since the meaning of statutory language, plain or not, depends on context." (citation omitted)); *United States v. Jones*, 811 F.2d 444, 447 (8th Cir.1987) ("In determining legislative intent, we must consider the statute read as a whole.").

Analyzing *previous convictions* in context with the rest of § 924(e), we reject the interpretation that *previous convictions* refers to convictions that occur prior to conviction for the § 922(g) offense. Nowhere in § 924(e) does the term "§ 922(g) conviction" appear. Rather, § 924(e) applies to a person "who violates section 922(g) ... *and* has three previous convictions." 18 U.S.C. § 924(e)(1) (emphasis added). In order to interpret *previous convictions* as those convictions occurring before conviction of the § 922(g) offense, we would need to ignore the statutory context of *previous convictions* and import the term "§ 922(g) conviction" into the statute. Principles of statutory construction require that we reject this interpretation. Congress plainly has legislated otherwise, *see Jones*, 811 F.2d at 447 ("[I]t is appropriate to assume that the ordinary meaning of [the words of a statute] accurately express[ ] the legislative purpose."), and we decline to frustrate the plain meaning of the words chosen by Congress.

> But no legislation pursues its purposes at all costs. Deciding what competing values will or will not be sacrificed to the achievement of a particular objective is the very essence of legislative choice—and it frustrates rather than effectuates legislative intent simplistically to assume that *whatever* furthers the statute's primary objective must be the law.
> *Rodriguez v. United States*, 480 U.S. 522, 525–26, 107 S.Ct. 1391, 1393, 94 L.Ed.2d 533 (1987) (per curiam).

---

**7.** *See also* 2A *Sutherland Statutory Construction* § 46.06 (5th ed. 1992) (" 'It is an elementary rule of construction that effect must be given, if possible, to every word, clause and sentence of a statute.' ").

**8.** We find informative the statements of the Supreme Court as to furthering the purpose of a statutory scheme at the expense of the statutory language:

### 3. Three Convictions Prior to Violation of § 922(g)

We conclude that the words *previous convictions* in § 924(e) refer to convictions that occur before the defendant violates § 922(g). The plain language of § 924(e) states that it should apply to "a person who violates section 922(g) of this title and has three previous convictions." 18 U.S.C. § 924(e)(1). This interpretation of *previous convictions* is the only reasonable interpretation of the plain words of § 924(e) because it (1) gives meaning to all of the words in § 924(e), (2) interprets the words of § 924(e) in context with one another, and (3) is not contradicted by a clear intent expressed in the legislative history of § 924(e). *Cf. supra* Parts II.B.1., II.B.2.

Support for this interpretation also is found in this court's en banc decision interpreting § 924(g)'s predecessor—18 U.S.C. § 1202(a). *See Rush v. United States,* 840 F.2d at 578.[9] Although the timing of the *previous convictions* was not at issue in that case, the *Rush* court stated that § 1202(a) "provide[d] enhanced penalties for those who violate § 1202(a) *after* being convicted three times of [predicate offenses]." *Id.* (emphasis added). We also note that our interpretation of *previous convictions* is consistent with the Third Circuit's analysis in *United States v. Balascsak,* 873 F.2d 673, 679 (3d Cir.1989). In that case, the Third Circuit interpreted the predecessor to § 924(e) and stated that "the only reading of the statute which gives meaning to all the terms used by Congress is that the three prior convictions ... must have occurred prior to the time the defendant received the firearm." *Id.*[10]

We hold that § 924(e) applies only to individuals who have three applicable convictions prior to violating § 922(g).

### III. CONCLUSION

Accordingly, we affirm Talley's conviction, vacate Talley's sentence, and remand to the district court for resentencing.

---

9. Section 1202(a) enhanced the penalty for persons who "receive[d], possesse[d], or transport[ed] in commerce or affecting commerce any firearm and who has three previous convictions." *Rush,* 840 F.2d at 576 n. 6 (internal quotation omitted); *see id.* at 575 n. 4 (stating that § 1202(a) was moved into § 924(e)(1) effective November 15, 1986); *see also United States v. Payton,* 878 F.2d 1089, 1091 (8th Cir.1989) (applying *Rush* court's holding to a § 924(e) claim).

10. Although other circuit courts have criticized *Balascsak* for a different portion of its analysis of § 924(e)'s predecessor, none of those courts has questioned *Balascsak*'s analysis of the temporal relationship between the predicate convictions and the § 922(g) violation. We express no opinion as to the correctness of the remainder of the *Balascsak* court's analysis.