21 F.3d 426
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
DALLAS HILL HODNETT, Defendant-Appellant.
 No. 93-5484.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 10, 1994.
Decided April 12, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. Jackson L. Kiser, Chief District Judge. (CR-93-32)
 John E. Falcone, Smith & Falcone, Lynchburg, VA, for appellant.
 Robert P. Crouch, Jr., U.S. Atty., Ruth E. Plagenhoef, Asst. U.S. Atty., Roanoke, VA, for appellee.
 W.D.Va.
 AFFIRMED.
 Before WILKINS and LUTTIG, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Dallas Hill Hodnett was convicted by a jury of being a felon in possession of a firearm, 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1993). This offense was committed while Hodnett was on parole from a 1986 federal drug conviction. He received a sentence of forty-six months, which the district court made partially concurrent with the thirty-six-month federal parole revocation term Hodnett was expected to serve. Hodnett appeals his sentence, contending that the court was required to impose a concurrent sentence pursuant to guideline section 5G1.3(b).[1] We affirm.
 
 
 2
 Section 5G1.3 governs the imposition of a sentence on a defendant subject to an undischarged term of imprisonment--in this case, a parole revocation term. Subsection (a) of section 5G1.3 did not apply in Hodnett's case because Hodnett was not serving a term of imprisonment when the instant offense was committed. Subsection (b) did not apply because his "undischarged term of imprisonment resulted from" violations of his federal parole for his prior conviction, not conduct "that have been fully taken into account in the determination of the offense level for the instant offense." U.S.S.G. Sec. 5G1.3(b); see United States v. Nottingham, 898 F.2d 390, 393 (3d Cir.1990).
 
 
 3
 Under U.S.S.G. Sec. 5G1.3(c), p.s., which applies in all other circumstances, the district court was required to impose a consecutive sentence "to the extent necessary to achieve a reasonable incremental punishment for the instant offense." The background commentary to section 5G1.3 explains that the intent of the guideline is to arrive at a sentence which approximates the sentence which would have been imposed had the district court adjudicated both sentences, i.e., the parole revocation sentence as well as the sentence for the instant offense.
 
 
 4
 Because the successor to parole in the federal system is supervised release, the policies set out in Chapter Seven of the guidelines should be used to determine the appropriate sentence for parole revocation. The policy is unambiguously expressed in the introductory commentary to Part B of Chapter Seven: "It is the policy of the Commission that the sanction imposed upon revocation is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation." See also U.S.S.G. Sec. 7B1.3(f), p.s. (term of imprisonment imposed on a revocation of supervised release must be consecutive to any sentence of imprisonment the defendant is serving). As with supervised release, the parole revocation sentence and the sentence for the instant offense should be served consecutively, regardless of which sentence is imposed first. U.S.S.G. Sec. 7B1.3, comment. (n.5).[2]
 
 
 5
 The judgment of the district court is therefore affirmed.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)
 
 
 [2]
 The intent of section 5G1.3 has been clarified by the November 1993 amendment to the commentary. A new application note provides that, if the defendant was on federal parole at the time of the instant offense, and his parole has been revoked, the sentence for the instant offense should be imposed to be served consecutively to the parole revocation term. U.S.S.G. Sec. 5G1.3, comment. (n.4) (Nov.1993)
 
 
 [3]
 The district court erred by making Hodnett's sentence partially concurrent without following the procedure for a departure. United States v. Rogers, 897 F.2d 134, 137 (4th Cir.1990). However, the government does not contest the departure, and we do not consider it