UNITED STATES of America,
Plaintiff–Appellee,

v.

Nolden GARNER, Jr., also known as William H. Hill, Robert Williams, Junior Gardner, Defendant–Appellant.

Nos. 93–2857, 93–3362.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 13, 1994.

Decided Aug. 19, 1994.

---

Michael P. Joyce, Kansas City, MO, argued, for appellant.

J. Daniel Stewart, Kansas City, MO, argued (Carla B. Oppenheimer and David DeTar Newbert, on the brief), for appellee.

Before HANSEN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and KOPF, District Judge *.

HANSEN, Circuit Judge.

Nolden Garner, Jr., appeals his conviction for being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g), and the district court's[1] enhancement of his sentence for three previous violent or drug-related felony convictions pursuant to 18 U.S.C. § 924(e). Garner argues that his conviction should be reversed because the charges against him violated the Sixth Amendment's speedy trial clause and the Fifth Amendment's double jeopardy clause and because the district court erred in admitting evidence of more than one of his prior convictions. Garner also argues that the district court

---

* The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

1. The Honorable H. Dean Whipple, United States District Judge for the Western District of Missouri.

improperly applied § 924(e) in enhancing his sentence. We affirm his conviction, vacate his sentence, and remand for resentencing.

## I.

Most of the relevant facts are not in dispute. On September 8, 1990, the Kansas City, Missouri, Police apprehended and arrested Garner following his participation in an armed robbery. He was charged in the Circuit Court for Jackson County, Missouri, with robbery in the first degree and armed criminal action. On September 24, 1990, he pleaded guilty to the reduced charge of robbery in the second degree and was sentenced to two years in state custody. The armed criminal action charge was dismissed with prejudice.

At the time of the robbery, Garner was on federal parole for a 1985 drug conviction. Prior to the robbery, his supervising federal probation/parole officer had applied to the Parole Commission for a warrant for Garner's arrest as a parole violator for failing to report as directed, unauthorized drug use, and failure to successfully complete drug treatment. Presentence Investigation Report (PSIR) at 13; Gov't Adden. A–17. Such a warrant was issued in mid-August 1990, but before it could be executed, Garner was arrested on the state robbery charges. The mid-August parole violator's warrant was lodged with the state authorities as a detainer by the United States Parole Commission. PSIR at 13. Garner remained in state custody until July 5, 1991, when he was paroled by the Missouri Department of Corrections and picked up by the United States Marshals pursuant to the mid-August 1990 parole violator's warrant. *Id.* His federal parole was revoked on September 4, 1991, and he was confined in a federal prison at the time of his indictment and trial on the instant felon in possession of a weapons charge. *Id.*

Also in October 1990, the federal probation/parole officer referred the case to the Department of Alcohol, Tobacco and Firearms (ATF) and the United States Attor-

ney's Office to consider it for prosecution as a felon in possession of a firearm case. ATF began investigating the case and assigned it to ATF Special Agent Cindy Grob in November 1990. Due to her workload, she was not able to complete the investigation until August 1992, when she turned the case over to the United States Attorney's Office for prosecution. The United States Attorney's Office filed a federal complaint on September 15, 1992, charging Garner with being a felon in possession of a firearm. On September 21, 1992, a federal grand jury returned an indictment charging Garner with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e). A superseding indictment incorporating additional information was filed on November 18, 1992, and recharged Garner with the violations presented in the original indictment.

Garner filed pretrial motions to dismiss the charges against him based on preindictment delay in violation of the Fifth Amendment's due process clause, a claimed violation of the Fifth Amendment's double jeopardy clause, a claimed violation of the Sixth Amendment's right to a speedy trial, and a violation of Fed.R.Crim.P. 48(b). A United States Magistrate Judge [2] held a three-day hearing on Garner's motions to dismiss and ultimately filed reports and recommendations to deny all of the motions. The district court [3] adopted the reports and recommendations and denied the motions to dismiss.

Garner went to trial before a federal jury in April 1993. The jury found Garner guilty of the felon in possession of a firearm charge. On July 7, 1993, the district court sentenced Garner as an armed career criminal under 18 U.S.C. § 924(e) after finding that he had committed the following three prior violent felonies or drug related offenses: (1) A 1971 conviction for first-degree robbery; (2) a 1975 plea of guilty to felonious assault; and (3) a 1985 conviction for conspiracy to distribute heroin and cocaine. The district court imposed the mandatory 15–year sentence under § 924(e). At one point during the July 7,

---

2. The Honorable John T. Maughmer, Chief United States Magistrate Judge for the Western District of Missouri.

3. The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri.

1993, sentencing hearing, the district court stated that Garner's sentence would run "concurrent" with any of Garner's other sentences. However, when imposing the sentence and judgment, the district court stated that the sentence would run "consecutive" to any of Garner's other sentences. In the written judgment filed July 8, 1993, the district court also stated that the sentence imposed would run "consecutive" to any of Garner's other sentences.

After the potential discrepancy on whether the sentence would run "concurrent" or "consecutive" to Garner's other sentences was brought to the district court's attention, the district court, at the defendant's request, scheduled a resentencing hearing for September 13–14, 1993. Before the resentencing, Garner filed renewed objections to the PSIR, challenging the use of his 1971 and 1975 convictions for the sentencing enhancement under § 924(e). At the sentencing hearing, the district court found that it could not use the 1971 conviction for the § 924(e) enhancement. Instead, the district court, at the government's suggestion and over Garner's objection, used the September 1990 conviction for second-degree robbery as the third violent felony or drug conviction to impose the § 924(e) enhancement. The district court again imposed the 15–year sentence under § 924(e) and stated that the sentence would run consecutive to Garner's other state and federal sentences. Garner appeals.

## II.

Garner first argues that the district court erred in denying his motion to dismiss the indictment for violating his right to a speedy trial under the Sixth Amendment. Garner asserts that the government caused an unreasonable preindictment delay resulting in a violation of his right to a speedy trial. The Sixth Amendment's speedy trial clause provides, "In all prosecutions, the accused shall enjoy the right to a speedy and public tri-

al...." The protection of the speedy trial clause "is activated only when a criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of that prosecution." *United States v. Marion*, 404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 L.Ed.2d 468 (1971).[4]

The district court found that Garner was not "accused" on the felon in possession of a firearm charge until he was formally charged in the criminal complaint filed on September 15, 1992, which was followed by the indictment on September 21, 1992. The district court concluded that his Sixth Amendment right to a speedy trial did not attach until September 15, 1992, that there was no undue delay between "accusation" and trial and, therefore, that there was no speedy trial violation. Garner does not argue that the time that elapsed between the filing of the September 15, 1992, criminal complaint and the time he went to trial in April 1993 constitutes a speedy trial violation. Instead, he argues that the district court erred in finding that he was not "accused" until the government filed the criminal complaint.

## A.

■ Garner first contends that he was federally "accused" from the moment the federal authorities became involved, either immediately after he was arrested in September 1990 or in October 1990, when the case was referred to ATF and the United States Attorney. He contends the delay of approximately 30 months between the initial federal involvement in September 1990 and his trial in April 1993 constitutes a speedy trial violation.

■ A person is "accused," and the Sixth Amendment speedy trial protection is engaged, by "either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge." *Marion* at 320, 92 S.Ct. at 463. "[W]hen no indictment is outstanding, only the '*actual* restraints imposed by arrest

4. Normally, in the absence of "accusation," the right to a prompt indictment is protected by the statute of limitations and the due process clause of the Fifth Amendment. *United States v. Stierwalt*, 16 F.3d 282, 284 (8th Cir.1994). Garner,

however, has abandoned his Fifth Amendment due process argument on appeal, relying instead on the Sixth Amendment and Fed.R.Crim.P. 48(b). *See* Appellant's Br. at 12.

or holding to answer a criminal charge'" engage the speedy trial protection. *United States v. Loud Hawk,* 474 U.S. 302, 310, 106 S.Ct. 648, 653, 88 L.Ed.2d 640 (1986) (quoting *Marion,* 404 U.S. at 320, 92 S.Ct. at 463). Here, at the time the federal authorities became involved in Garner's case, the only *actual* restraint on his liberty was his arrest on the state charges. The arrest on state charges does not engage the speedy trial protection for a subsequent federal charge. *United States v. Brown,* 605 F.2d 389, 395 (8th Cir.), *cert. denied,* 444 U.S. 972, 100 S.Ct. 466, 62 L.Ed.2d 387 (1979); *see also United States v. MacDonald,* 456 U.S. 1, 10 n. 11, 102 S.Ct. 1497, 1503 n. 11, 71 L.Ed.2d 696 (1982) ("Of course, an arrest or indictment by one sovereign would not cause the speedy trial guarantee to become engaged as to possible subsequent indictments by another sovereign."); *United States v. Beede,* 974 F.2d 948, 950–51 (8th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1016, 122 L.Ed.2d 163 (1993) (noting that state arrest does not start the 30–day clock on the Speedy Trial Act for a subsequent federal charge).

Garner nonetheless argues that we should follow the approach of the First Circuit in *United States v. Cabral,* 475 F.2d 715, 718 (1st Cir.1973), and hold that the state arrest triggered the defendant's speedy trial protection on a federal charge filed 24 months later. In *Cabral,* the defendant was arrested on state weapons charges, and the weapon seized by state authorities was turned over to the federal authorities three days later for investigation of federal weapons charges. The court found that the defendant's right to a speedy trial on the federal charge "crystallized" at the time of the state arrest. *Id.* at 718. The First Circuit has since characterized the holding in *Cabral* as follows: "The court considered the prompt surrender of the weapon to federal custody and the arrest on the *same charges* later prosecuted in federal, not state, court to have converted the initial arrest into a federal 'accusation' on weapons

charges for sixth amendment purposes." *United States v. Marler,* 756 F.2d 206, 212 (1st Cir.1985).

We decline to follow *Cabral.* We have firmly rejected its rationale. *See Beede,* 974 F.2d at 950–51; *Brown,* 605 F.2d at 395. In *Beede,* we specifically stated that the state arrest does not affect the speedy trial analysis on a federal charge, "'even if the arrest is for conduct that is the basis of a subsequent indictment for a federal offense.'" 974 F.2d at 950–51 (quoting *United States v. Mills,* 964 F.2d 1186, 1189–90 (D.C.Cir.1992) (en banc)). We also find that the *Cabral* rationale is in conflict with subsequent statements made by the Supreme Court. *See MacDonald,* 456 U.S. at 10 n. 11, 102 S.Ct. at 1503 n. 11 (noting that arrest by one sovereign would not engage the speedy trial protection as to possible indictments by another sovereign).[5]

### B.

Garner next argues that he became federally "accused" in October 1990, when Garner's federal parole officer notified the Missouri Department of Corrections of the detainer against Garner for federal parole violations. He argues that the detainer served as an *actual restraint* on his liberty and engaged the Sixth Amendment speedy trial guarantee. We disagree.

Even assuming, arguendo, that a detainer against someone already in custody provides an actual restraint on that person's liberty, the detainer here still would be insufficient to engage the speedy trial protection. "'[I]t is settled law that an arrest on one charge does not trigger the right to a speedy trial on another charge filed after the arrest.'" *Beede,* 974 F.2d at 950 (quoting *United States v. Savage,* 863 F.2d 595, 597 (8th Cir.1988) (alteration in original)). That rationale applies equally in this case where Garner is attempting to argue that a detainer filed against him for violation of the terms of his federal parole should trigger the right to a speedy trial on

5. Moreover, even assuming *Cabral* is not in conflict with our case law or Supreme Court authority, it is distinguishable from this case. In *Cabral,* the federal and state prosecutions were arguably for the same type of weapon charge.

Here, however, the state charge and conviction for robbery and the federal charge for felon in possession of a firearm are separate and distinct charges.

the federal charge of felon in possession of a firearm. Simply put, the parole violation and the felon in possession of a firearm are different charges. The mid-August parole violator's warrant used to detain Garner was issued before he committed the crime of being a felon in possession of a firearm. Hence, under our case law, the restraint on one of the charges does not trigger speedy trial protections on the other.

### C.

Garner's final speedy trial argument is that, at the very least, he was federally accused on July 5, 1991, when the United States Marshals arrested him on the federal parole violation detainer after he was released on parole by the Missouri Department of Corrections. He argues that the resulting delay of approximately 20 months between the arrest and his trial in April 1993 would constitute a speedy trial violation as well. We reject that argument on the same rationale noted in the previous paragraph; arrest on a parole violation charge does not engage the Sixth Amendment speedy trial guarantee on the felon in possession of a firearm charge.

■ The district court committed no error in finding that Garner was not "accused" until the federal complaint was filed in September 1992. Garner makes no argument that the time between the September 1992 accusation and his April 1993 trial violated his speedy trial rights. Hence, we conclude the district court committed no error in finding Garner's Sixth Amendment speedy trial guarantee was not violated in this case.

■ As an alternative, Garner argues that the indictment should have been dismissed under Fed.R.Crim.P. 48(b), which gives the district court discretion to dismiss the indictment if, among other things, "there is unnecessary delay in presenting the charge to a grand jury" or "in bringing a defendant to trial." "The rule is clearly limited to post-arrest situations." *Marion*, 404 U.S. at 319, 92 S.Ct. at 463. We have found that the arrest, for the purposes of the indictment filed in this case, took place in September 1992. Again, Garner has made no argument

that the time that elapsed between September 1992 and his trial in April 1993 warrants dismissal under Rule 48(b). Hence, we conclude that the district court did not abuse its discretion in declining to dismiss the case under Rule 48(b).

### III.

■ Garner also argues that the district court erred in denying his motion to dismiss the indictment on double jeopardy grounds. The Fifth Amendment double jeopardy clause states that no person shall "be subject for the *same offence* to be twice put in jeopardy." (emphasis added). Garner argues that the federal prosecution on the felon in possession of a firearm charge placed him in jeopardy for the second time on the same offense for which he was charged and pleaded guilty in state court.

■ It is well settled that the double jeopardy clause does not bar a federal prosecution of a defendant who had been prosecuted for the same acts in state court. *United States v. Wheeler*, 435 U.S. 313, 316–17, 98 S.Ct. 1079, 1082, 55 L.Ed.2d 303 (1978); *United States v. Dietz*, 991 F.2d 443, 445 (8th Cir.1993) (citing *Abbate v. United States*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959)). "The dual sovereignty doctrine is founded on the common-law conception of crime as an offense against the sovereignty of the government. When a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the laws of each, he has committed two distinct 'offences.' " *Heath v. Alabama*, 474 U.S. 82, 88, 106 S.Ct. 433, 437, 88 L.Ed.2d 387 (1985) (citing *United States v. Lanza*, 260 U.S. 377, 382, 43 S.Ct. 141, 142, 67 L.Ed. 314 (1922)).

Garner asserts that this case falls under the exception to the dual sovereignty doctrine that allows the Double Jeopardy Clause to bar the subsequent federal prosecution where "the state prosecution was a sham and a cover for a federal prosecution, and thereby in essential fact another federal prosecution." *Bartkus v. Illinois*, 359 U.S. 121, 124, 79 S.Ct. 676, 678, 3 L.Ed.2d 684 (1959). We disagree. Garner asserts that the federal prosecution was a sham or cover for the state

prosecution, and thereby another state prosecution. Garner has failed to show that the federal prosecution was a sham or cover for the state prosecution.

Unlike *Bartkus*, there was no prior acquittal in the first prosecution in this case. Both the state case and the federal case succeeded on their own merits. Garner pleaded guilty to the state robbery charge, and then he was convicted by a federal jury of the felon in possession of a firearm charges. The state was not using the federal prosecution to accomplish something it could not, or did not, already do. *See United States v. Talley,* 16 F.3d 972, 974 (8th Cir.1994). Likewise, Garner's contention that the federal authorities were involved from the beginning of the case is unpersuasive and unsupported by the record. Quite to the contrary, ATF Special Agent Grob testified at the hearing on the motion to dismiss that she had no contact with the case whatsoever, and thus no contact with state authorities, until after the state case was completed. After the federal authorities were involved, the state, at most, simply cooperated with the federal authorities. "The *Bartkus* Court explicitly approved such cooperation." *Talley,* 16 F.3d at 974. Accordingly, we conclude that Garner has failed to establish that the double jeopardy clause applies to this case.[6]

■ Garner also asserts that the district court erred in finding that the federal prosecution was not collaterally estopped under *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), by the state court's dismissal with prejudice of the armed criminal action charge. Garner acknowledges that collateral estoppel bars only relitigation of issues that were determined by a final judgment between the same parties to the prior action. *See Ashe,* 397 U.S. at 443, 90 S.Ct. at 1194. Garner acknowledges that it would be difficult to establish the "same parties" requirement here because the state prosecuted him in one case and the federal government prosecuted him in the second case. He contends, however, that the state and federal government should be treated as the same party in both proceedings because the federal government was acting as a "tool" for the state and prosecuting the case as a "sham and cover" for the state. We conclude, as did the district court, that this argument is without merit because we have already determined that the federal prosecution was not a sham or cover for another state prosecution.

## IV.

■ Garner next argues that the district court erred in allowing the government to present evidence of five of Garner's prior felony convictions when evidence of only one is necessary to establish the 18 U.S.C. § 922(g) violation and when he offered to stipulate to one prior felony. The rule in this circuit is that the government is not bound by such an offer to stipulate and that it is not error to allow the government to introduce more than one conviction in a case where only a single conviction is necessary to make the case. *United States v. Blade,* 811 F.2d 461, 466 (8th Cir.), *cert. denied,* 484 U.S. 839, 108 S.Ct. 124, 98 L.Ed.2d 82 (1987); *Rush v. United States,* 795 F.2d 638, 639–40 (8th Cir.1986). Garner asks us to reconsider this rule. Even if we were inclined to reconsider this rule, which we are not, we do not have

---

**6.** Even if the double jeopardy did apply, Garner's claims are without merit. The Supreme Court recently has made clear that "the double jeopardy bar applies" only where the two offenses for which the defendant is prosecuted "cannot survive the 'same elements' test" outlined in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). *United States v. Dixon,* — U.S. —, —, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993) (overruling *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990)).

Garner makes no argument that the state second-degree robbery charge to which he pleaded guilty contains the same elements as the federal

charge for felon in possession of a firearm. It obviously does not. He argues only that the federal felon in possession of a firearm charge presents double jeopardy problems because of the state charge for armed criminal conduct that was dismissed with prejudice as part of the plea agreement. This argument is unpersuasive for a different reason: jeopardy never attached to the charges dismissed as part of plea agreement. *See, e.g., United States v. Nyhuis,* 8 F.3d 731, 735 n. 2 (11th Cir.1993); *United States v. Soto-Alvarez,* 958 F.2d 473, 482 n. 7 (1st Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 221, 121 L.Ed.2d 159 (1992); *United States v. Vaughan,* 715 F.2d 1373, 1376–77 (9th Cir.1983).

the authority to do so. *See United States v. Provost,* 969 F.2d 617, 622 (8th Cir.1992), *cert. denied,* ——— U.S. ———, 113 S.Ct. 986, 122 L.Ed.2d 139 (1993) ("one panel of this court may not reverse or overturn a decision by an earlier panel"). We conclude the district court committed no error in admitting the five prior felony convictions.

## V.

■ Garner next argues that the district court erred in determining his sentence. He contends that the district court erred in applying the enhancement under § 924(e) by using the conviction for the September 1990 robbery as one of his three previous violent felony or drug-related convictions and by using his 1975 conviction, which he attempted to collaterally attack at sentencing. He also contends that his resentencing violated the double jeopardy clause.

Garner argues that the enhancement under § 924(e) applies only if he has three violent felony or drug-related convictions that occurred before he violated § 922(g). Garner contends that his September 1990 conviction for robbery occurred after he violated § 922(g) and, therefore, the district court erred in using it to enhance his sentence under § 924(e). The government essentially argues that the district court properly applied § 924(e) because the three convictions the district court used were all obtained prior to sentencing on the § 922(g) violation.

We recently addressed this precise issue in *Talley.* We found that "the words *previous convictions* in § 924(e) refer to convictions that occur before the defendant violates § 922(g)." *Talley,* 16 F.3d at 977. Hence, we conclude that the district court improperly used the September 1990 robbery conviction to enhance Garner's sentence under § 924(e), and we must vacate the sentence and remand for resentencing.

Garner also argues that the district court erred by using his 1975 guilty plea based conviction which he attempted to collaterally attack as involuntarily made during the resentencing hearing. We find no error. The Supreme Court has recently held that § 924(e) does not permit collateral attacks of the type Garner made on prior convictions in federal sentencing proceedings. *Curtis v. United States,* ——— U.S. ———, ———, 114 S.Ct. 1732, 1739, 128 L.Ed.2d 517 (1994). Hence, the district court committed no error in rejecting Garner's collateral attack on the 1975 conviction.

■ Garner's final argument is that the September 1993 resentencing proceeding violated the double jeopardy clause. At one point during the July 7, 1993, sentencing hearing, the district court stated on the record that Garner's sentence would run "concurrently" with any other sentence he was under. However, when the district court imposed sentence and judgment at the hearing, it stated that the sentence would be "consecutive." In the July 8, 1993, written judgment, the district court again noted that the sentences would be served "consecutively" to any other sentence he was serving. When the potential discrepancy in how the sentences were to be served was brought to the district court's attention, the court set the matter for a resentencing hearing to clarify any problems. At the September 1993 hearing, the district court resentenced Garner to the same 15–year term as in the original sentence and specified that the sentence imposed should be served consecutively to any other sentence he was under. Garner contends that the September 1993 sentence should be vacated under the double jeopardy clause, with instructions for the district court to reinstate the original sentence to be served "concurrently" with other sentences.

"It is well settled that a trial court lacks jurisdiction to alter a previously imposed valid sentence once the defendant begins to serve the sentence, and for the court to subsequently alter a sentence places the defendant in double jeopardy." *Johnson v. Mabry,* 602 F.2d 167, 170 (8th Cir.1979). We conclude, as did the district court, that the district court did not "alter" Garner's original sentence at the second hearing and, therefore, there is no double jeopardy problem. The district court specifically found that in spite of the isolated reference to "concurrent" sentences during the first hearing, there was no real ambiguity or confusion that

the sentence imposed was to be served "consecutive" to other sentences. We agree. The district court's statements while imposing the sentence and judgment at the July 7, 1993, hearing, and the written judgment filed on July 8, 1993, both specify that the sentence imposed was to be served consecutive to any other sentence Garner was serving. When the district court "resentenced" Garner in September 1993 and ordered the sentence to be served consecutively to any sentence Garner was under, the district court did not alter the original sentence in any way. We find no double jeopardy concern here.

## VI.

We affirm Garner's conviction but vacate his sentence and remand for resentencing.