**UNITED STATES of America**

v.

**Wayne Darnell SMITH.**

**No. Crim. AMD–98–0028.**

United States District Court,
D. Maryland.

Nov. 16, 1998.

Lynne A. Battaglia, United States Attorney for the District of Maryland, John F. Purcell, Jr., Assistant United States Attorney, Baltimore, MD, for U.S.

Michael G. Middleton, Baltimore, MD, for Defendant.

*SENTENCING MEMORANDUM
AND ORDER*

MALETZ, Senior Judge.[1]

On August 24, 1998, Wayne Smith pled guilty to Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). Currently before this court is the question of an appropriate sentence. The only matter in dispute is whether Smith is an "armed career criminal" within the meaning of the guidelines which define the term as "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e)." *See* U.S. Sentencing Guidelines Manual § 4B1.4 (1997) (hereafter USSG). The requirements for an enhanced sentence under 18 U.S.C. § 924(e)(1) are: 1) that the person violate § 922(g), 2) that he have three *"previous convictions"* punishable by imprisonment for a term exceeding one year, 3) that such predicate offenses be either violent felonies or serious drug offenses, and 4) that such offenses are committed on occasions different from one another. *See id.* at §§ 924(e)(1) and 922(g). With these factors in mind, the court concludes that he should not be sentenced as an "armed career criminal" for, at the time of his present § 922(g) violation, he did not have the three requisite predicate convictions.

In this connection, there is no dispute that the first two of his convictions would qualify under § 924(e)(1); however, his third conviction for attempted murder fails to meet the definition of a "previous conviction." This is because the present firearm offense was committed on *December 22, 1997* and his conviction for attempted murder occurred on *January 22, 1998,* exactly one month *after* the present violation of § 922(g). In this respect, the law is clear that a "previous conviction" under § 924(e) is one which occurs *prior* to the violation of § 922(g). *See, e.g., United States v. Talley,* 16 F.3d 972 (8th Cir.1994) (to constitute a § 924(e) predicate offense, "previous conviction" must occur prior to violation of § 922(g) and not prior to sentence for that violation); *United States v. Balascsak,* 873 F.2d 673, 679 (3rd Cir.1989).

1. Of the United States Court of International Trade, sitting by designation.

*See also U.S. v. Hobbs,* 136 F.3d 384 n. 3 (4th Cir.1998), *cert. denied,* —— U.S. ——, 118 S.Ct. 2358, 141 L.Ed.2d 727 (1998) ("Hobbs's armed robbery conviction occurred after the instant offense, so it is not a 'previous conviction' for purposes of § 924(e).").

In this setting, since Smith's attempted murder conviction occurred after his present firearm violation, that conviction may not be included as a predicate offense for purpose of a § 924(e) armed career criminal enhancement. Thus, Smith has only two, rather than three, predicate convictions, and therefore is not an "armed career criminal" within the meaning of the statute.

Given these considerations, Smith's base offense level is 24 under U.S.S.G. § 2K2.1(a)(2). He is entitled to a three level downward adjustment for accepting responsibility and assisting authorities in the investigation of this case, bringing his offense level to 21. Further, since the firearm in question was stolen, an upward adjustment of two levels is required pursuant to § 2K2.1(b)(4), hence his offense level is 23.

■ While the attempted murder conviction is not a predicate offense under § 924(e), the question remains as to whether it is a "prior sentence" for criminal history purposes. As to this, U.S.S.G. § 4A1.2 note one defines "prior sentence" as follows:

> A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense.

*See* U.S.S.G. § 4A1.2(a)(1) (1997). In light of this definition, the conclusion is apparent, for the reasons that follow, that the attempted murder conviction is a "prior sentence." For one thing, the sentence on that conviction was imposed prior to the present sentencing for the instant offense. Second, the attempted murder, while occurring on the same date as the violation of § 922(g), was a separate and distinct offense from the firearm violation since the offenses involved two separate weapons, were substantively different and arose in different geographic locations. *See, e.g., U.S. v. Letterlough,* 63 F.3d 332 (4th Cir.1995).

In sum, pursuant to § 4A1.1(a) three criminal history points are imposed for each of Smith's three prior sentences. In addition to these nine points, two points are added pursuant to § 4A1.1(d) for committing the present offense while on parole, and one final point is added under § 4A1.1(e) for committing the offense less than two years after his release from a sentence counted under 4A1.1(a) or (b). This brings Smith's criminal history total to twelve points placing him in category V.

An offense level of 23 and a criminal history category of V places him in a guideline range of between 84–105 months. Additionally, §§ 5D1.1(a) and 5D1.2(a)(1), require that a term of supervised release be imposed that is not less than three years and not more than five.

■ Finally, because Smith is currently serving a term of imprisonment on his state attempted murder conviction, this court must determine whether the term imposed for the present firearm offense should run concurrent with or consecutive to the state term. Whether a sentence on a defendant subject to an undischarged term of imprisonment should run concurrently or consecutively is addressed fully in U.S.S.G. § 5G1.3. Subsection (a) of this section, requires the sentence to run consecutively "if the instant offense was committed while the defendant was serving a *term of imprisonment* ..." (emphasis added). The record shows that the defendant was on parole at the time of his firearm violation. However, parole is not a "term of imprisonment" under this provision. *See, e.g., U.S. v. Hodnett,* No. 93–5484, 1994 WL 123917 (4th Cir. April 12, 1994) (unpublished) (parole not a term of imprisonment for sentencing under § 5G1.3(a)). Furthermore, subsection (b) of § 5G1.3—which mandates concurrent sentences when the undischarged term of imprisonment has been fully taken into account in determining the present offense level—is not applicable because the undischarged term of imprisonment stemming from the attempted murder conviction was not taken into account in determining the offense level. Therefore, Smith falls within subsection (c) which applies to "any other case," and provides that the sentence

may "run concurrently, partially concurrently, or consecutively ... to achieve a reasonable punishment for the instant offense." *See* U.S.S.G. § 5G1.3 (1997).

 In light of Smith's convictions for attempted murder and for two prior drug offenses, the court is convinced that he poses a substantial risk and danger to the community and thus holds that his present sentence is to run consecutively to his state sentence. The court therefore imposes an 84 month term of imprisonment to run consecutively to his state term and to commence upon the defendant's release from imprisonment on the state charge.

The court further orders a term of three years supervised release.

Additionally, the court imposes the mandatory special assessment of $100 as required by 18 U.S.C. § 3013.

In view of Smith's present financial condition no fine will be imposed.

1. Of the United States Court of International Trade, sitting by designation.