**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4092
_____

UNITED STATES OF AMERICA

v.

KYLE COSTELLO,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 14-107-01)
District Judge:  Hon. Lawrence F. Stengel
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 11, 2017
_____

Before:  VANASKIE, RENDELL, and FISHER, *Circuit Judges*

(Filed: January 12, 2018)
_____

OPINION[*]
_____

VANASKIE, *Circuit Judge.*

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Kyle Costello raises two arguments in this appeal from his conviction on armed bank robbery and related charges. First, he contends that his conviction is invalid because his extradition from Texas to Pennsylvania on a state parole violation charge was a sham to hold him for federal prosecution at a later date, in violation of his rights under the Speedy Trial Act, 18 U.S.C. § 3161. Second, he argues that the District Court incorrectly sentenced him as a career offender because his prior state conviction for aggravated assault did not constitute a "crime of violence." We agree with the District Court's rulings that no Speedy Trial Act violation occurred, and that Costello is a career offender for purposes of sentencing. Accordingly, we will affirm the District Court's order.

**I.**

On November 7, 2013, video surveillance showed two men committing an armed robbery at the National Penn Bank near Shillington, Pennsylvania. Costello's parole agent saw Costello's image on the news and identified him as one of the robbers.[1] On November 21, 2013, the Cumru Township Police Department issued an arrest warrant for Costello for the bank robbery. Costello was arrested in Texas on December 20, 2013. On that same date, a parole violation warrant was issued for Costello by the Pennsylvania Board of Probation and Parole. During a removal hearing in Texas, Costello contested extradition on the Cumru Township arrest warrant. To expedite his transfer to

---

[1] Costello had been paroled from SCI-Rockview for aggravated assault and kidnapping.

Pennsylvania, the detainer on the Cumru Township warrant was lifted, and Costello was brought back to Pennsylvania pursuant to the state parole violation warrant.

Upon his arrival in Pennsylvania on January 15, 2014, Costello was incarcerated at SCI-Huntingdon on the parole violation warrant. Fifty days later, on March 6, 2014, a federal grand jury returned an indictment against Costello for the robbery of the National Penn Bank.[2] Specifically, he was charged with conspiracy to commit robbery, in violation of 18 U.S.C. § 371, armed bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 2113(d), and carrying and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii).

Costello moved to dismiss the federal indictment, arguing that, because more than thirty days had elapsed between his initial arrest on January 15, 2014 and the return of the federal indictment on March 6, 2014, his rights under the Speedy Trial Act were violated. After conducting a hearing, the District Court denied Costello's motion, holding that he had failed to show the requisite "collusion" between federal and state agents that would trigger the Speedy Trial Act upon his detention at SCI-Huntingdon. The District Court explained that Costello's showing of "mere cooperation or close contact between the federal government and the state" was not enough. (App. at 13.)

Costello proceeded to trial, was convicted on all charges, and the matter proceeded to sentencing. Over Costello's objection, the District Court found that Costello's 2004 and 2008 state convictions for aggravated assault properly served as "crimes of violence"

---

[2] State charges were dropped as a result of the federal indictment.

predicates for a career offender designation under the United States Sentencing Guidelines, thereby exposing Costello to a Guidelines imprisonment range of 360 months to life.  The District Court then exercised its discretion to vary downward from the Guidelines range and imposed an aggregate prison term of 264 months.  Costello timely appealed.

## II.

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.  "We review the District Court's conclusions of fact for clear error[,]" and our review of the District Court's interpretation of the Speedy Trial Act is plenary.  *United States v. Dyer*, 325 F.3d 464, 467 (3d Cir. 2003).  "Whether a prior conviction constitutes a crime of violence for purposes of the career offender Guideline is a question of law over which we exercise plenary review."  *United States v. Marrero*, 743 F.3d 389, 393 (3d Cir. 2014).

## A.

Under the Speedy Trial Act, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."  18 U.S.C. § 3161(b).  If the government fails to file the information or indictment within thirty days, "such charge against that individual contained in such complaint shall be dismissed or otherwise dropped."  *Id*. at § 3162(a)(1); *see also United States v. Battis*, 589 F.3d 673, 678 (3d Cir. 2009) ("In general, delay is measured from the date of arrest or indictment, whichever is earlier, until the start of trial.").  Where, as

4

here, the defendant is arrested on state charges and later indicted on federal charges, "the right to a speedy trial in the federal case is triggered by the federal indictment, and the time period under consideration commences on that date." *Id.* at 679. As stated in *United States v. Garner*, 32 F.3d 1305, 1309 (8th Cir. 1994), an "arrest on state charges does not engage the speedy trial protection for a subsequent federal charge." *See also United States v. Muniz*, 1 F.3d 1018, 1024 (10th Cir. 1993) ("When [the defendant] was arrested by state authorities . . .[,] his speedy trial rights for the subsequent federal charges did not attach."). This is true even if the federal charge shares the same facts as the state case. *See United States v. Mills*, 964 F.2d 1186, 1189-90 (D.C. Cir. 1992).

A state arrest, however, may trigger the Speedy Trial Act "when the Government has knowledge that an individual is held by state authorities solely to answer to federal charges." *United States v. Woolfolk*, 399 F.3d 590, 596 (4th Cir. 2005). This is known as the "ruse" exception. *See United States v. Benitez*, 34 F.3d 1489, 1494 (9th Cir. 1994). Under this exception, state proceedings may trigger the Speedy Trial Act upon a showing of "collusion or evidence that the detention was for the sole or primary purpose of preparing for [federal] criminal prosecution." *United States v. Garcia-Martinez*, 254 F.3d 16, 20 (1st Cir. 2001).

Costello relies upon the "ruse" exception to argue that the Speedy Trial Act clock began running upon his return to Pennsylvania on January 15, 2014. He thus argues that

5

his indictment by a federal grand jury on March 6, 2014, more than thirty days after his incarceration in Pennsylvania began, was invalid as untimely.[3]

We have yet to adopt the "ruse" exception. *See Dyer*, 325 F.3d at 468 ("Even if we were to conclude that the [ruse] exception is a valid one, [the defendant] has not shown that he would be entitled to invoke it under the circumstances of this case."). We again need not decide whether there exists a "ruse" exception to the general rule that the Speed Trial Act clock begins to run upon return of the federal indictment, because there simply is no evidence of collusion between federal and state law enforcement officials in this case, or that Costello was detained on the parole violation warrant for the purpose of preparing a federal prosecution. As the District Court explained following the evidentiary hearing on Costello's motion, "[i]f anything, the testimony showed confusion and lack of communication between the state and federal government—the antithesis of collusion." (App. at 14.) Indeed, the Assistant District Attorney handling the state charges testified that he did not even learn of Costello's return to Pennsylvania until February 24, 2014, and even then continued to build the Commonwealth's case against Costello because he was not sure that the federal government would bring charges.[4]

---

[3] We disagree with the government that Costello waived his "ruse" argument by stating during the District Court proceedings that "the defense isn't in a position to argue that there was collusion" based upon the testimony presented. (App. at 65.) Costello asserted in the District Court, and reasserts here, that the Speedy Trial Act is implicated where the "primary purpose" of incarceration by state authorities is to prepare for a federal prosecution. (Appellant's Reply Br. at 1; citing *Dyer*, 325 F.3d at 468.) We thus find that Costello properly preserved his Speedy Trial Act argument.

[4] A state docket sheet showed a preliminary hearing scheduled in Costello's case for March 10, 2014.

Simply being incarcerated in a state prison before federal indictment does not mean that agents brought Costello back solely, or even primarily, for federal prosecution. Thus, even if we were to find that the "ruse" exception exists, we hold that Costello's Speedy Trial Act rights were not triggered upon his arrival at SCI-Huntingdon on January 15, 2014.

**B.**

The career offender provision of the Sentencing Guidelines imposes enhanced sentences for defendants who have "two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Pertinent to the matter under consideration, "crime of violence" is defined as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another . . . .

U.S.S.G. § 4B1.2(a)(1).

Costello was convicted in 2004 of violating 18 Pa. Cons. Stat. § 2702(a)(3), which provides that "[a] person is guilty of aggravated assault if he: . . . attempts to cause or intentionally or knowingly causes bodily injury to any of the [specifically enumerated] officers, agents, [or] employees . . . in the performance of duty . . . ."[5] "Bodily injury" is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa. Cons. Stat. § 2301. Costello argues that his 2004 aggravated assault conviction can qualify as a "crime

---

[5] Costello does not appear to challenge the District Court's classification of his 2008 aggravated assault conviction as a "crime of violence."

of violence" only if the use of "violent force" is a necessary element of § 2702(a)(3). In support of this assertion, he relies upon *Johnson v. United States*, 559 U.S. 133 (2010), which held that the term "violent felony," as used in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), requires use of "*violent* force—that is, force capable of causing physical pain or injury to another person." *Id.* at 140 (emphasis in original). Costello argues that § 2702(a)(3) does not require use of "violent force" because "impairment of physical condition" qualifies as the requisite "bodily injury," and a person's physical condition may be "worsened, lessened, or diminished—*i.e.*, impaired— without the person necessarily suffering 'physical pain or injury' through the employment of 'violent force.'" (Appellant's Br. at 19-20).

We disagree. Section 2702(a)(3) requires that the accused knowingly or intentionally cause "bodily injury." The statute therefore necessarily contemplates the use of such physical force as to impair one's physical condition or produce "substantial pain." "*Johnson* held that so long as the force involved is 'capable of causing physical pain or injury to another person,' . . . the 'physical force' requirement of the crime-of-violence definition is satisfied." *De Leon Castellanos v. Holder*, 652 F.3d 762, 766 (7th Cir. 2011) (quoting *Johnson*, 559 U.S. at 140). Costello cites no authority to support his assertion that a person can *intentionally* impair another's physical condition without use of such physical force as is "capable of causing pain or injury." *Johnson*, 559 U.S. at 140. Common sense dictates that knowingly or intentionally causing impairment of another's physical condition requires the use of physical force. Accordingly, we hold that the District Court did not err in finding that Costello's aggravated assault conviction

8

under § 2702(a)(3) constituted a "crime of violence" as that term is defined in the United States Sentencing Guidelines.

**IV.**

For these reasons, we will affirm the order of the District Court entered on November 1, 2016.